UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES RANDALL                    :
                                   :
        v.                         :        C.A. No. 10-52ML
                                   :
A.T. WALL, et. al.                 :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL**

Lincoln D. Almond, United States Magistrate Judge

On February 5, 2010, Charles Randall filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Document No. 1).   The Petition was referred to me for review. Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254, this Court is required to examine a Petition, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...."   For the reasons discussed below, I recommend that Randall's Petition for Writ of Habeas Corpus (Document No. 1) be DISMISSED because it fails to state any claim on which habeas corpus relief can be granted.

**Facts**

In his handwritten Petition, Randall indicates that he is "presently sentenced by an illegal district Court order handed down on 12/4/08 under a double standard adjudication, and is currently in custody resulting from that indifferent state court judgment."  Document No. 1 at 2. In his "Grounds for Relief" section, Randall indicates that his conviction is "of a double order in violation of ...due process of law."  He indicates that the indictment is "incapable of passing

the <u>Blockberger</u> test and any other related test's [sic] on double jeopardy." <u>Id.</u>  He seeks "an order for his immediate release." <u>Id.</u>  Randall additionally states that "these matters are presently procedurally active at bar before the state supreme court."  Document No. 1-4 at 1.[1]

Based on Randall's admission that his underlying state court case is pending in the Rhode Island Supreme Court, the Court reviewed Randall's entry in the Rhode Island Adult Criminal Information Database which revealed the following.  Randall plead Nolo Contendere on May 2, 2005 to a charge of breaking and entering a dwelling.  He was sentenced to a ten-year sentence with two years to serve and eight years suspended with probation.  On December 4, 2008, Randall was declared to be a violator of his suspended sentence, and sentenced to serve the eight years suspended.  On January 16, 2009, Randall filed a Notice of Appeal to the Rhode Island Supreme Court.  On July 29, 2009, the transcripts were sent to the State Supreme Court.  The Rhode Island Supreme Court has not yet issued its decision on Petitioner's pending appeal of his violation conviction.

**Standard of Review**

This Court is recommending that Randall's Petition be dismissed *sua sponte* pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.  In making this recommendation, this Court has taken all of the allegations in Randall's Petition as true and has drawn all reasonable inferences in his favor. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  In addition,

---

[1] Randall attached three exhibits to his Petition, each of which raises, in some form or another, his claim that the Rhode Island Department of Corrections is tampering with or intercepting his legal mail.  Petitioner indicates he believes his rights have been violated under 42 U.S.C. § 1983.  To the extent Petitioner attempts to raise a claim regarding the interference with his legal mail, such claim is not cognizable in a 28 U.S.C. § 2254 Petition, but must be raised, if at all, in a separate civil action.

this Court has liberally reviewed the Petitioner's allegations and legal claims since they have been put forth by a *pro se* litigant.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review, Randall's Petition fails to demonstrate any plausible entitlement to habeas relief.

**Discussion**

The Double Jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense." <u>United States v. Dixon</u>, 509 U.S. 688, 696 (1993).  Petitioner's grounds for relief in this action center on his claim that his Fifth Amendment rights have been violated.  Randall's claim fails to survive Rule 4 scrutiny, however, because he has failed to exhaust his available state remedies as to his underlying state conviction.

With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254, Congress restricted the power of federal courts to grant habeas relief to prisoners.  <u>See</u> 28 U.S.C. § 2254. As a prerequisite to filing a habeas claim in federal court, a state court prisoner must have exhausted all available state court remedies with respect to each claim raised in the federal petition.  <u>See</u> 28 U.S.C. § 2254(b)(1)(A) ("an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the Courts of the State....").

Because his appeal to the Rhode Island Supreme Court is pending, Randall has not exhausted his available state court remedies.

**Conclusion**

For the reasons stated, I recommend that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE because it is unexhausted.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond_____
LINCOLN D. ALMOND
United States Magistrate Judge
February 18, 2010